UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BLOWHEART LEE,<br><br>            Petitioner,<br><br>      v.<br><br>CARLOS ARCE, Warden,<br><br>            Respondent. | No.  1:24-cv-01221-SKO (HC)<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE**<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION**<br><br>**[TWENTY-ONE DAY DEADLINE]** |

Petitioner is a state prisoner proceeding pro se with a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He filed the instant petition on October 4, 2024, challenging his 2021 conviction in Kern County Superior Court of second-degree murder and shooting at an inhabited dwelling.  The petition appears to be unexhausted[1]; therefore, the Court will recommend the petition be dismissed without prejudice to refiling once exhaustion is complete.

**DISCUSSION**

A. <u>Preliminary Review of Petition</u>

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

---

[1] District courts can *sua sponte* raise the procedural requirement of exhaustion of state remedies. <u>Granberry v. Greer</u>, 481 U.S. 129, 133-134 (1987).

1

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001).

B.      Exhaustion

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66. In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88

(9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .

In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added), *as amended by* Lyons v. Crawford, 247 F.3d 904, 904-5 (9th Cir. 2001).

Petitioner raises several claims of ineffective assistance of counsel. He states he has only recently raised these claims by habeas petition in the superior court. (Doc. 1 at 3.) Petitioner states the petition was denied on September 9, 2024. (Doc. 1 at 3.) Thus, it appears Petitioner has not fully exhausted his state remedies by presenting his claims to the appellate court and to the California Supreme Court prior to filing the instant petition. The Court cannot consider a petition that is unexhausted. Rose v. Lundy, 455 U.S. 509, 521-22 (1982).

**ORDER**

Accordingly, the Clerk of Court is directed to assign a district judge to this case.

**RECOMMENDATION**

For the foregoing reasons, the Court RECOMMENDS the petition be DISMISSED WITHOUT PREJUDICE to refiling the petition once exhaustion is completed.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any

1  exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page
2  number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in
3  excess of the fifteen (15) page limitation may be disregarded by the District Judge when
4  reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The
5  parties are advised that failure to file objections within the specified time may result in the waiver
6  of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014).  This
7  recommendation is not an order that is immediately appealable to the Ninth Circuit Court of
8  Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure,
9  should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:   **October 14, 2024**              /s/ *Sheila K. Oberto*
                                    UNITED STATES MAGISTRATE JUDGE